Nicholas M. Wajda (Cal. Bar No. 259178)
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NED E. NELSON IV,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONWIDE CREDIT, INC.,<br><br>        Defendant. | Case No. 2:20-cv-11652<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.***<br>2. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 *et seq.***<br>3. **TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. § 227 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Plaintiff, NED E. NELSON IV, through his undersigned counsel, complaining of Defendant NATIONWIDE CREDIT, INC. as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.* and Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

1

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

**PARTIES**

4. Ned E. Nelson IV ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.2(h).

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. NATIONWIDE CREDIT, INC., ("Defendant") is a corporation organized and existing under the laws of the state of Georgia.

9. Defendant maintains a principal place of business at 150 North Field Drive, Suite 200, Lake Forest, Illinois 60045.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

12. Defendant is a debt collector as defined by Cal. Civ. Code § 1788.2(c).

13. Defendant is a person as defined by 47 U.S.C. § 153(39).

**FACTUAL ALLEGATIONS**

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 5340.

15. At all times relevant, Plaintiff's number ending in 5340 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16.     At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and service.

17.     Plaintiff applied for and was issued an American Express credit card a number of years ago.

18.     Plaintiff made various personal charges to the credit card.

19.     Due to unforeseen financial hardship, Plaintiff was unable to stay current on payments.

20.     Shortly after, Plaintiff defaulted on his payments on the credit card ("subject debt").

21.     The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(6).

22.     Thereafter, Defendant acquired the rights to collect on the defaulted subject debt.

23.     On or around May of 2020, Plaintiff began receiving collection calls from Defendant.

24.     Upon speaking with Defendant's representative, Plaintiff instructed Defendant to stop contacting him.

25.     Defendant's representative stated they needed to discuss payment options regarding the subject debt.

26.     Plaintiff again requested the collection calls to cease.

27.     Unfortunately, the collection calls continued throughout the year.

28.     On the collection calls that Plaintiff answered he was met by a conspicuous lengthy pause and was required to say "hello" numerous times prior to being connected to a representative.

29.     The unwanted and unconsented to collection calls became so overwhelming that Plaintiff stopped answering for a period of time.

30.     Plaintiff felt powerless to stop the unwanted, unconsented to and intrusive collection calls.

31.     It was at this time, Defendant began contacting family members of Plaintiff.

32.     Specifically, Defendant contacted and disclosed details of the subject debt to Plaintiff's father and aunt.

33.     In addition, Plaintiff's father continued to receive numerous collection calls after requesting the calls stop.

34.     Despite Plaintiff's request that Defendant cease its harassing collection efforts, Defendant continues to employ abusive collection practices in an effort to collect the subject debt, including the use of harassing phone calls.

35.     Upon information and belief, Defendant has placed dozens upon dozens of unconsented and unwanted collections calls to Plaintiff's cellular telephone in an attempt to collect the subject debt.

## DAMAGES

36.     Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

37.     Defendant's phone calls have caused Plaintiff actual harm, including but not limited to: aggravation that accompanies persistent and unwanted phone calls; anxiety; emotional distress; increased risk of personal injury resulting from the distraction caused by the phone calls; wear and tear to Plaintiff's cellular phone; intrusion upon and occupation of Plaintiff's cellular telephone; temporary loss of use of Plaintiff's cellular phone; invasion of privacy; loss of battery charge; loss of concentration; mental anguish; nuisance; the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services; and wasting Plaintiff's time.

4

38.     Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular telephone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular telephone while his phone was ringing.

39.     As a result of Defendant's illegal collection practices Plaintiff was deprived of his statutorily guaranteed FDCPA rights.

40.     Plaintiff was deprived of the privacy and material protections that are guaranteed by the FDCPA.

41.     Concerned with Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

42.     All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a.  Violations of FDCPA §1692c**

43.      Section 1692c(a) of the FDCPA provides:

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-

(1)     at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
15 U.S.C. § 1692c(a).

44.     Defendant violated 15 U.S.C. § 1692c(a)(1) by contacting Plaintiff after Plaintiff requested that the phone calls cease.

45.     Specifically, when Plaintiff requested that the phone calls cease, any time that Defendant called after that request became an inconvenient time for Plaintiff.

46.     Defendant further violated 15 U.S.C. § 1692c(a)(1) by continuing to contact Plaintiff's family after being instructed to stop contacting them.

**b.  Violations of 15 U.S.C. § 1692b**

47.      Section 1692b(2) of the FDCPA provides:

> Any debt collector communicating with any person other than the consumer for the purposes of acquiring location information about the consumer shall (2) not state that such consumer owes any debt.

48.     Defendant violated §§ 1692b(2) by disclosing that Plaintiff owed the subject debt when they contacted his father and aunt.

**c.  Violations of FDCPA §1692d**

49.      Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

50.      § 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

51.     Defendant violated §§ 1692d and d(5) when it placed numerous  unwanted and unconsented to collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt.

52.     Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

53.     Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff.

54.     The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made numerous requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

55.     Furthermore, Defendant violated this section after making continuous unwanted and unconsented to collection calls to Plaintiff's family.

56.     As pled above, Plaintiff was harmed by Defendant's unfair collection practices.

**WHEREFORE**, Plaintiff requests this Honorable Court grant the following relief

A.     Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

B.     Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial;

C.     Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

D.     Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II**
**Violations of §1788.17 of the RFDCPA**

57.     Plaintiff restates and incorporates all paragraphs as if fully set forth herein.

58.     California Civil Code § 1788.17 provides:

Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the FDCPA], inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

59.     As stated above, Defendant violated 15 U.S.C. §§ 1692b(2), c(a)(1) and d(5) therefore violating Cal. Civ. Code § 1788.17.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the RFDCPA;

    b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying RFDCPA violations;

    c. Awarding the Plaintiff costs and reasonable attorney fees; and

    d. Awarding any other relief as the Honorable Court deems just and proper.

## COUNT III

### Telephone Consumer Protection Act (47 U.S.C. § 227 et. seq.)

60. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

61. As pled above, Defendant placed or caused to be placed dozens upon dozens of non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

62. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

63. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone number.

64.     Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

65.     Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus forcing Plaintiff to say "hello" numerous times.

66.     As pled above, Plaintiff revoked consent to be called on his cellular phone on numerous occasions.

67.     As pled above, Plaintiff was harmed by Defendant's collection calls to his cellular phone.

68.     Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

69.     Upon information and belief, Defendant has no policies and procedures in place to honor the requests of consumers that the collection calls cease.

70.     Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits.

71.     As a result of Defendant's violations of the TCPA, Plaintiff is entitled to receive $500.00 in damages for each such violation.

72.     As a result of Defendant's knowing and willful violations of the TCPA, Plaintiff is entitled to receive up to $1,500.00 in treble damages for each such violation.

**WHEREFORE**, Plaintiff requests the following relief:

A.     an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

B.     an order enjoining Defendant from placing or causing to place further violating calls to Plaintiff;

9

C.     an award of $500.00 in damages to Plaintiff for each such violation;

D.     an award of treble damages up to $1,500.00 to Plaintiff for each such violation;

E.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

F.     an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: December 28, 2020                          Respectfully submitted,

NED E. NELSON IV

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com